# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| BILLY JOE WINROW, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CIV-13-1144-D |
| SID STELL et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, Mr. Billy Joe Winrow, a state prisoner appearing pro se and proceeding *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). This matter is now before the Court on Defendant Justin Jones' Motion to Dismiss (Doc. No. 24).

## BACKGROUND

Mr. Winrow is incarcerated at the Dick Conner Correctional Center in Hominy, Oklahoma. Compl., Doc. No. 1, at 1.[1] In his Complaint, Mr. Winrow names six Defendants. These include Justin Jones, who formerly was the Director of the Oklahoma Department of Corrections ("ODOC"),[2] and five current or former employees of the

---

[1] Citations to electronically filed documents use the pagination assigned by the Court's electronic case filing system.

[2] Robert Patton became Director of the Oklahoma Department of Corrections on January 17, 2014. In accordance with Rule 25(d) of the Federal Rules of Civil Procedure,

Pottawatomie County Public Safety Center ("PCPSC") in Shawnee, Oklahoma: Sid Stell, B.R. Thompson, Natalie Powell, Cody Hisaw, and Josie Solis. *See* Compl. at 1-2; Defs.' Notice of Party Name Corrections, Doc. No. 22. Mr. Winrow contends that Defendants violated his Fourteenth Amendment rights to due process and to equal protection, as well as his Eighth Amendment right to be free from cruel and unusual punishment. Compl. at 3. Mr. Winrow also contends that Defendants violated other unspecified federal and state laws. *See id.* at 4-9. Mr. Winrow brings this action against Defendants in their official and individual capacities. Compl. at 1.

Mr. Winrow's allegations stem from events that occurred in August 2013, while he was temporarily incarcerated at the PCPSC "in [ODOC] housing Pod-A, a Pod under Contract . . . to house [ODOC] inmates." *See* Compl. at 2; Compl. Exhibits, Doc. No. 1-1, at 2 (stating Mr. Winrow was sent to PCPSC "for Court hearings"), 4 (stating Mr. Winrow was "out on court writ to the [PCPSC]"). Mr. Winrow contends, among other things, that Defendants Powell and Hisaw placed a five-gallon water jug on the staircase, water spilled from the jug onto the staircase, and that the spilled water caused Mr. Winrow to slip on the staircase and injure his shoulder, knee, back, neck, skin, and nerves. *See* Compl. at 2, 4, 5, 6, 7, 8, 9. Mr. Winrow then contends that he was denied medical care for these injuries. *See id.* Mr. Winrow further alleges that unsanitary conditions existed at the PCPSC and that he was denied necessary supplies to correct

---

Director Patton is hereby substituted as a defendant in this suit on all official-capacity claims against former Director Justin Jones. To avoid confusion, however, the undersigned will continue to refer to Defendant Jones in analyzing Mr. Winrow's claims.

such conditions, causing skin rashes for which he was also denied medical care. *See id.* Finally, Mr. Winrow contends that Defendant Stell refused to provide fresh drinking water during meals. *See id.* at 4.

The above allegations involve actions of the five Defendants who are or were PCPSC employees. *See* Compl. at 4, 5, 6, 7, 8. Mr. Winrow does not contend in the Complaint that Defendant Jones was present during these events. *See id.* at 9.[3] Instead, Mr. Winrow contends that Defendant Jones is liable for violations of Winrow's Fourteenth Amendment right to due process because Jones, on behalf of ODOC, "entered into Contract with the defendant[]s to house state inmates under their Security / and Medical Control[l]ed Contract with the State." *See id.*; *see also id.* at 4. Mr. Winrow further contends that Defendant Jones violated Mr. Winrow's Eighth Amendment right to be free from cruel and unusual punishment because Defendant Jones allegedly (1) "created a Hazardous envi[ron]ment by allowing" the PCPSC employees to engage in the conduct described above; and (2) exhibited "Deliberate Indifference to serious medical need[]s . . . by allowing" the PCPSC employees "to deny medical care because the

---

[3] Of the various exhibits Mr. Winrow attached to the Complaint, only one is connected to Defendant Jones. In a Grievance submitted to Defendant Thompson, Mr. Winrow asserted that he was "entitled to medical care . . . under Mr. Justin Jones['] Policies [and federal law]." *See* Compl. Exhibits at 20. Further, in an affidavit submitted contemporaneously with his Complaint, Mr. Winrow mentions Defendant Jones only in the context of alleging that Defendants Stell, Thompson, and Jones "are not managing the [PCPSC] at state and federal standards." *See* Pl.'s Aff., Doc. No. 2, at 9. Mr. Winrow then reiterates his assertions regarding allegedly unsanitary conditions at the PCPSC. *See id.*

3

Plaintiff could not afford the $15.00[] cover charge to see the doctor."[4]  *See* Compl. at 9 (emphasis omitted).

Defendant Jones moves to dismiss the claims against him.[5]  *See* Def. Jones' Mot. to Dismiss, Doc. No. 24, at 9-27.  Mr. Winrow has responded and Defendant Jones has filed a reply.  *See* Pl.'s Resp., Doc. No. 26; Def. Jones' Reply, Doc. No. 27.  Therefore, the matter is fully briefed and ready for decision.

## ANALYSIS

In addition to considering the contentions set forth in Defendant Jones' motion to dismiss, the undersigned must also consider the Court's obligation to review each complaint brought by a prisoner (1) with respect to prison conditions; (2) seeking redress against a governmental entity, officer, or employee; or (3) who is proceeding *in forma pauperis*.  *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. §§ 1915A(a), 1915(e)(2)(B).  In such circumstances, the Court is required to dismiss a complaint or any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or

---

[4] In connection with this second alleged Eighth Amendment violation as to Defendant Jones, Mr. Winrow also makes the conclusory assertion that Defendant Jones violated "Federal [and] State law[]s of 2012 [and] 2013."  *See* Compl. at 9.  Whether the Court should exercise supplemental jurisdiction over any state-law claims is addressed below.  As for Mr. Winrow's broad reference to "Federal . . . law[]s of 2012 [and] 2013," the facts alleged by Mr. Winrow in support of this claim do not appear to implicate any federal right other than those protected by the Eighth Amendment, and therefore the undersigned confines consideration to that single theory.

[5] For the purpose of this Report and Recommendation, the undersigned has declined to consider matters presented beyond the pleadings and, therefore, treats Defendant Jones' Motion strictly as one to dismiss.  *See Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998); Fed. R. Civ. P. 12(d).

seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

> A. *Whether the Court Has Subject Matter Jurisdiction over Official-Capacity § 1983 Claims Against Defendant Jones, in Light of the Assertion of Eleventh Amendment Immunity*

As noted, Mr. Winrow states that he is suing each Defendant in his or her official and individual capacities. Compl. at 1. Defendant Jones has asserted that, under the Eleventh Amendment, he is immune from any § 1983 claim seeking monetary relief against him in his official capacity. *See* Def. Jones' Mot. to Dismiss at 22-23. Defendant Jones moves to dismiss the Complaint to the extent it seeks such relief, asserting that the Court lacks subject matter jurisdiction over those claims.[6] *See* Def. Jones' Mot. to Dismiss at 22-23; *see also Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558-59 (10th Cir. 2000) (holding Eleventh Amendment immunity presents a jurisdictional bar when effectively asserted); Fed. R. Civ. P. 12(b)(1).[7]

Under the doctrine of sovereign immunity, as adopted in the Eleventh Amendment, a federal court may not hear a claim brought by a private citizen against a

---

[6] In moving to dismiss for lack of subject matter jurisdiction, Defendant presents a "facial" attack on the Complaint, thereby questioning the Complaint's sufficiency but not the veracity of factual allegations upon which subject matter jurisdiction may depend. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Accordingly, for purposes of this subject matter jurisdiction analysis, the undersigned presumes the Complaint's factual allegations to be true. *See id.* at 1002.

[7] Although Defendant Jones does not specifically refer to Federal Rule of Civil Procedure 12(b)(1) in his Motion, the argument for its application may reasonably be inferred. *See* Def. Jones' Mot. to Dismiss at 22-23. In any event, the Court may raise this issue sua sponte. *U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008); *see also Nelson v. Geringer*, 295 F.3d 1082, 1098 n.16 (10th Cir. 2002).

U.S. state unless the state consents to suit or Congress unequivocally abrogates the state's immunity. U.S. Const. amend. XI; *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54-55 (1996). The State of Oklahoma has not waived its Eleventh Amendment immunity against § 1983 claims in federal court. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). Nor has Congress abrogated state immunity in any way pertinent to Plaintiff's § 1983 claims. *See*, *e.g.*, *Quern v. Jordan*, 440 U.S. 332, 342, 345 (1979). Thus, the State of Oklahoma's Eleventh Amendment immunity from § 1983 claims in federal court applies in full.

Eleventh Amendment immunity applies to any state agency that is considered "an arm of the state." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *see also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). A defendant's status as an arm of the state is a question of federal law, but courts make this determination by analyzing the "nature of the entity created by state law." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) (internal quotation marks omitted). Here, although not named as a defendant, the relevant state agency is ODOC because Defendant Jones was employed with that agency during the circumstances giving rise to this lawsuit. *See* Compl. at 2, 9.

The Tenth Circuit has stated that it considers ODOC an arm of the State of Oklahoma. *See Eastwood v. Dep't of Corr. of State of Okla.*, 846 F.2d 627, 631-32 (10th Cir. 1988) (concluding, in accordance with party's concession, that ODOC was entitled to Eleventh Amendment immunity as an arm of the state). Furthermore, ODOC's powers and budgetary responsibilities establish that it is an arm of the State of Oklahoma. *See,*

*e.g.*, Okla. Stat. tit. 57, §§ 502-504, 505-508, 509, 510; Okla. Stat. tit. 62, §§ 34.42, 34.50-.52, 34.57. Thus, Eleventh Amendment immunity applies to ODOC to protect it from § 1983 claims in federal court.

This immunity further extends to ODOC employees who are sued, under § 1983, in their official capacities for money damages. *See Edelman*, 415 U.S. at 663. Mr. Winrow seeks only monetary relief from Defendant Jones. *See* Compl. at 11. Accordingly, all § 1983 claims against Defendant Jones in his official capacity should be dismissed without prejudice because, based on Eleventh Amendment immunity, the Court lacks subject matter jurisdiction over such claims.[8] The undersigned thus proceeds to consider the claims against Defendant Jones in his individual capacity.

  B. *Whether Mr. Winrow's Allegations Against Defendant Jones in His Individual Capacity State a Claim, Under 42 U.S.C. § 1983, upon Which Relief May Be Granted*

Although the Court construes a pro se litigant's pleadings liberally, all litigants must comply with applicable procedural rules. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader

---

[8] Defendant Jones also contends that, in his official capacity, he does not qualify as a "person" subject to 42 U.S.C. § 1983. *See* Def. Jones' Mot. to Dismiss at 22-23. "[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983," and, accordingly, is "not subject to suit under § 1983 in either federal court or state court." *Howlett ex rel. Howlett v. Rose*, 496 U.S. 356, 365 (1990) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). The recommendation above regarding this Defendant's Eleventh Amendment immunity means, by extension, that Mr. Winrow's official-capacity claims against Defendant Jones seeking money damages also should be dismissed because Defendant Jones does not qualify as a "person" for the purpose of § 1983.

is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint fails to state such a claim when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citation and footnote omitted). Bare legal conclusions in a complaint are not assumed to be true; rather, legal conclusions "must be supported by factual allegations" to be credited with any force of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (1991); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe pro se pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint"). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal*); *Kay*, 500 F.3d at 1218 (indicating court uses same analysis of complaint's sufficiency whether performed sua sponte or pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)).

1. <u>Pleading Requirements for Plaintiff's § 1983 Claim Against Defendant Jones</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts to plausibly show *both*: (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is not sufficient to establish only that a federal right was violated.

When a defendant is sued in his or her individual capacity under § 1983, the complaint must meet specific requirements as to each defendant. First, the plaintiff must allege facts to establish the defendant's "personal involvement or participation" in the alleged violation of a federal right. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996); *see also Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Second, the plaintiff must allege facts which establish a causal connection between the acts of that particular defendant and the alleged violation of a federal right. *See Iqbal*, 556 U.S. at 676; *Pahls v. Thomas*, 718 F.3d 1210, 1225, 1226, 1228 (10th Cir. 2013). Finally, the plaintiff must allege facts to establish that the defendant acted with the state of mind required for the alleged underlying federal rights violation. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986).

The above requirements apply when a supervisor is alleged to be responsible for the misconduct of a subordinate. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (holding that § 1983 claim against supervisor cannot be premised on vicarious liability); *Iqbal*, 556 U.S. at 676-77; *see also Dodds v. Richardson*, 614 F.3d 1185, 1199 n.8 (10th Cir. 2010) (noting that elements of liability

may overlap). To establish the supervisor's personal involvement, a plaintiff must allege facts to establish that the supervisor's own individual actions violated a federal right of the plaintiff, either through direct action or through the supervisor's promulgation, creation, implementation, or responsibility for the continuation of a policy that resulted in the violation. *See Iqbal*, 556 U.S. at 676-77; *Dodds*, 614 F.3d at 1199; *Schneider*, 717 F.3d at 767; *Pahls*, 718 F.3d at 1225, 1226 (requiring plaintiff to "identify the specific polic[y] over which particular [supervisor] possessed responsibility and that led to the alleged constitutional violation"). In this regard, it is not sufficient "merely to show [that the supervisor] was in charge of other state actors who actually committed the violation." *Dodds*, 614 F.3d at 1195 (internal quotation marks omitted). To establish causation—i.e., that a supervisor caused a violation of the plaintiff's federal rights—the plaintiff must allege facts to establish that a subordinate of the supervisor violated the plaintiff's federal rights and that the supervisor "set in motion a series of events that [he or she] knew or should have known would cause" such a violation. *See Schneider*, 717 F.3d at 768 (internal quotation marks omitted); *Dodds*, 614 F.3d at 1195-96, 1198. Finally, to establish state of mind the plaintiff must allege facts to show that the supervisor acted with certain requisite intent, the exact nature of which depends on the type of violation alleged but is no less than the state of mind required for the subordinate to commit the underlying violation. *See Schneider*, 717 F.3d at 769; *Daniels*, 474 U.S. at 330; *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010); *Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014).

2. Defendant Jones' Liability for Alleged Due Process Violations

As noted, the only allegation by Mr. Winrow of Defendant Jones' direct participation is that Defendant Jones, on behalf of ODOC, "entered into Contract with the defendant[]s to house state inmates under their Security / and Medical Control[l]ed Contract with the State." *See* Compl. at 9; *see also id.* at 4. Mr. Winrow then discusses the specific conduct of other individuals that occurred after Defendant Jones allegedly entered into this contract. *See* Compl. at 4, 9. Mr. Winrow asserts that the combined effect of these acts was to violate his Fourteenth Amendment right to due process.

These factual allegations are insufficient to establish that Defendant Jones violated Mr. Winrow's Fourteenth Amendment right to due process. Among several clear deficiencies in light of the standards set forth above, Mr. Winrow provides no factual details to establish any of the possible state-of-mind requirements for a due process claim. *See* Compl. at 9; *Daniels*, 474 U.S. at 330-31.[9] Accordingly, to the extent Mr. Winrow alleges such a violation, his claims should be dismissed for failure to state a claim upon which relief may be granted.

---

[9] *See, e.g.*, *Brown v. Montoya*, 662 F.3d 1152, 1170 & nn.12-13 (10th Cir. 2011) (noting that procedural due process violation requires more than simple negligence); *Green v. Post*, 574 F.3d 1294, 1301 (10th Cir. 2009) (explaining that when plaintiff alleges substantive due process violation and "actual deliberation is practical, [the court] will employ a deliberate indifference standard" (internal quotation marks omitted)); *see also Schneider*, 717 F.3d at 769 (assuming without deciding that deliberate indifference is applicable state of mind for substantive due process violation). Mr. Winrow does not specify whether he is bringing a claim for a procedural or substantive due process violation.

3. <u>Defendant Jones' Liability for Alleged Cruel and Unusual Punishment</u>

In other allegations involving Defendant Jones, Mr. Winrow describes conduct of the PCPSC employees and contends that Defendant Jones violated Mr. Winrow's Eighth Amendment rights "by allowing" the PCPSC employees to engage in this conduct. *See* Compl. at 9. Mr. Winrow's allegations as to Defendant Jones are plainly insufficient to establish liability based on direct action. Moreover, they are insufficient to establish supervisory liability based on promulgation of a policy.

Among other elements, to establish supervisory liability for a violation of Mr. Winrow's Eighth Amendment rights, Mr. Winrow must allege facts to establish that Defendant Jones was deliberately indifferent, i.e., that he acted or failed to act despite knowledge of a substantial risk that such decision would result in a violation of Mr. Winrow's Eighth Amendment rights. *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Farmer v. Brennan*, 511 U.S. 825, 838-40, 842 (1994); *Schneider*, 717 F.3d at 769; *Porro*, 624 F.3d at 1328. Mr. Winrow, however, altogether fails to describe Defendant Jones' knowledge or conduct vis-à-vis the acts of the other Defendants. *See* Compl. at 9. Mr. Winrow's simple assertion that Defendant Jones "allow[ed]" others to engage in certain conduct is insufficient to establish that Defendant Jones took any action despite *knowledge* of a substantial risk that an Eighth Amendment violation would result. *See* Compl. at 9; *Schneider*, 717 F.3d at 769. Mr. Winrow, thus, has failed to provide sufficient factual allegations to state a plausible claim to relief for violations of his Eighth Amendment rights by Defendant Jones. *See Twombly*, 550 U.S. at 555, 570; *Iqbal*, 556

U.S. at 679. To the extent Mr. Winrow alleges such violations, his claims should be dismissed for failure to state a claim upon which relief may be granted.

    4. <u>Defendant Jones' Liability for Alleged Equal Protection Violations</u>

Although Mr. Winrow generally asserts that "[t]he defendants denied [him] his right to . . . Equal Protections of the laws under the 14th Amendment," he does not expressly allege that Defendant Jones violated this right. See Compl. at 3, 9. To the extent Mr. Winrow is asserting such a violation by Defendant Jones, whether directly or as a supervisor, Mr. Winrow has failed to provide sufficient factual allegations to establish the requisite state of mind—purposeful discrimination—which requires a defendant to have acted "because of, not merely in spite of, [the action's] adverse effects upon an identifiable group"—i.e., to have acted with more than volition or awareness of consequences. *See Iqbal*, 556 U.S. at 676-77 (alteration in original) (internal quotation marks omitted); *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979). Thus, any equal protection claim asserted against Defendant Jones should be dismissed for failure to state a claim upon which relief may be granted.[10]

  *C. Mr. Winrow's State-Law Claims and the Court's Supplemental Jurisdiction*

At this point, the undersigned has concluded that all of Mr. Winrow's claims under 42 U.S.C. § 1983 against Defendant Jones should be dismissed. Because Mr.

---

[10] Defendant Jones also argues that Mr. Winrow's individual-capacity claims against him should be dismissed on other grounds, including under the doctrine of qualified immunity. *See* Def. Jones' Mot. to Dismiss at 23-24. In light of the undersigned's recommendation that such claims be dismissed for failure to state a claim upon which relief may be granted, Defendant Jones' other asserted grounds for dismissal need not be addressed.

13

Winrow also nominally asserts state-law claims against Defendant Jones in his Complaint (*see* Compl. at 9), the undersigned now briefly addresses the Court's jurisdiction over such claims. All parties appear to be citizens of Oklahoma; therefore there is no diversity of citizenship within the meaning of 28 U.S.C. § 1332. *See* Compl. at 1-2. Further, to the extent Mr. Winrow asserts any state-law claims, he raises no apparent federal question within the meaning of 28 U.S.C. § 1331. Thus, in the absence of original jurisdiction, if the Court adopts the undersigned's recommendation that Mr. Winrow's § 1983 claims be dismissed as to Defendant Jones, any supplemental jurisdiction the Court may exercise over Mr. Winrow's state-law claims against Defendant Jones would be discretionary. *See* 28 U.S.C. § 1367(c)(3). The undersigned recommends that the Court decline to exercise such jurisdiction. *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

1. Defendant Justin Jones' Motion to Dismiss (Doc. No. 24) be granted insofar as the relief requested; and

2. Plaintiff's Complaint (Doc. No. 1) be dismissed as follows:

    a. without prejudice to the extent monetary damages are sought under § 1983 against Defendant Jones in his official capacity because, based on Eleventh Amendment immunity, the Court lacks subject matter jurisdiction over such claims;

b. without prejudice as to claims that Defendant Jones in his individual capacity violated Mr. Winrow's rights to due process, to be free from cruel and unusual punishment, and to equal protection under the laws, for failure to state a claim upon which relief may be granted; and

c. without prejudice as to any state-law claims asserted by Mr. Winrow against Defendant Jones because the Court should decline to exercise supplemental jurisdiction over such claims.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by August 28, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral in the present case.

ENTERED this 7th day of August, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE