# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY JOE WINROW, | ) |
|             Plaintiff, | ) |
| v. | ) Case No. CIV-13-1144-D |
| SID STELL, *et al.*, | ) |
|             Defendants. | ) |

## O R D E R

Plaintiff Billy Joe Winrow, a state prisoner appearing *pro se* and proceeding *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Charles B. Goodwin for initial proceedings.

In a Report and Recommendation [Doc. No. 57] issued on August 7, 2014, the Magistrate Judge recommended granting the Motion to Dismiss [Doc. No. 24] of Defendant Justin Jones, former director of the Oklahoma Department of Corrections.[1] Specifically, the Magistrate Judge recommended that Plaintiff's § 1983 claims against Defendant Jones in his official capacity be dismissed without prejudice on the basis of Eleventh Amendment sovereign immunity.[2] The Magistrate Judge further recommended that Plaintiff's remaining civil rights claims against Defendant Jones in his individual capacity alleging violations of Plaintiff's rights to due process, to

---

[1] In addressing Defendant Jones' motion, the Magistrate Judge expressly declined to consider matters presented outside the pleadings and, therefore, construed Defendant Jones' motion strictly as a motion to dismiss. *See* Report and Recommendation at p. 4, footnote 5.

[2] As noted by the Magistrate Judge, Robert Patton became Director of the Oklahoma Department of Corrections on January 17, 2014 and pursuant to Fed. R. Civ. P. 25(d) is properly substituted as a defendant as to all official-capacity claims against former director Justin Jones. *See* Report and Recommendation at p. 1, footnote 2.

be free from cruel and unusual punishment and to equal protection under the laws be dismissed without prejudice for failure to state a claim upon which relief may be granted. In addition, the Magistrate Judge recommended, pursuant to 28 U.S.C. § 1367(c)(3), that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant Jones. *See generally Nielander v. Board of County Commrs. of County of Republic, Kansas*, 582 F.3d 1155, 1172 (10th Cir. 2009).

The Magistrate Judge specifically advised Plaintiff of his right to object to the findings and recommendations set forth therein. He further advised Plaintiff that his failure to timely object would constitute a waiver of his right to appellate review of the factual and legal matters in the Report and Recommendation. Plaintiff's deadline for filing objections was August 28, 2014.

To date, Plaintiff has not filed an objection to the Report and Recommendation or sought an extension of time in which to do so. Accordingly, the Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 57] is ADOPTED in its entirety. Defendant Justin Jones' Motion to Dismiss [Doc. No. 24] is GRANTED. Plaintiff's § 1983 claims against Defendant Jones in his official capacity are dismissed without prejudice on the basis of Eleventh Amendment immunity. Plaintiff's remaining § 1983 claims against Defendant Jones in his individual capacity are dismissed without prejudice for failure to state a claim upon which relief may be granted. Finally, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims brought against Defendant Jones.

The action shall proceed before Magistrate Judge Goodwin pursuant to the initial case referral as to Plaintiff's claims brought against the remaining Defendants.

IT IS SO ORDERED this 10th day of September, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE