# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

BILLY JOE WINROW,                          )
                                           )
                    Plaintiff,             )
                                           )
v.                                         )          Case No. CIV-13-1144-D
                                           )
SID STEEL, et al.,                         )
                                           )
                    Defendants.            )

## O R D E R

This matter is before the Court for review of the Report and Recommendation [Doc. No.65] issued on March 5, 2015, by United States Magistrate Judge Charles B. Goodwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). In this action brought pursuant to 42 U.S.C. § 1983, Plaintiff alleges violations of his federal constitutional rights while in the custody of the Oklahoma Department of Corrections (ODOC) and temporarily incarcerated at the Pottawatomie County Public Safety Center (PCPSC) in August 2013.[1]

The Magistrate Judge recommended granting summary judgment in favor of Defendants Stell, Thompson, Powell, Hisaw and Solis on grounds they were entitled to qualified immunity as to Plaintiff's § 1983 claims brought against them. The Magistrate Judge further recommended dismissal of certain claims without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997(e)(c). Finally, the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over any state-law claims asserted by Plaintiff.

_____

[1]As the Magistrate Judge explained, Plaintiff was housed at PCPSC to facilitate his appearance in state court proceedings in Pottawatomie County on a hearing regarding an application for post-conviction relief filed by Plaintiff. The record reflects Plaintiff was a convicted prisoner and not a pretrial detainee during the period of his incarceration at PCPSC. *See* Report and Recommendation at pp. 2-3 and footnote 4.

Plaintiff timely filed an objection [Doc. No. 68] to the Report and Recommendation. Therefore, this Court conducts a *de novo* review and considers the records, pleadings and applicable law as to those issues to which Plaintiff has objected. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3).

## I.      Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id*. at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Id*.

"The purpose of a summary judgment motion is to assess whether a trial is necessary." *Berry v. T–Mobile USA, Inc*., 490 F.3d 1211, 1216 (10th Cir.2007) (*citing White v. York Int'l Corp*., 45 F.3d 357, 360 (10th Cir.1995)). "In other words, there 'must be evidence on which the jury could reasonably find for the plaintiff.'" *Id*. (*quoting Panis v. Mission Hills Bank, N.A*., 60 F.3d 1486, 1490 (10th Cir.1995)).

Because the Magistrate Judge recommended granting summary judgment in favor of Defendants on grounds of qualified immunity, the Court must also apply the specific analysis applicable to summary judgment motions asserting qualified immunity. *Toevs v. Reid*, 646 F.3d 752, 755 (10th Cir.2011). "The doctrine of qualified immunity shields government officials performing discretionary functions from liability for damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id*.

(*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When a defendant asserts qualified immunity at the summary judgment stage, the responsibility shifts to the plaintiff to meet a "heavy, two-part burden." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001). The plaintiff must show: (1) a violation of a constitutional right; (2) that was clearly established at the time of the conduct at issue. *Toevs*, 646 F.3d at 755. The Court may address the two showings in whatever order is appropriate under the circumstances. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). If the plaintiff fails to satisfy either part of the two-part inquiry, the defendant is entitled to qualified immunity. *Hesse v. Town of Jackson, Wyo.*, 541 F.3d 1240, 1244 (10th Cir. 2008).

## II.  Discussion

As thoroughly set forth in the Magistrate Judge's Report and Recommendation, Plaintiff's claims arise out of his confinement at PCPSC. He alleges a violation of his constitutional rights on grounds he was subjected to unconstitutional conditions of confinement and that Defendants acted with deliberate indifference to his serious medical needs. Many of his claims arise out of an incident occurring during mealtime on August 11, 2013. Plaintiff alleges that he tripped over a water jug placed on the stairs and injured himself as a result of falling down the stairs. Additional claims address other conditions of his confinement and requests for medical care related to injuries he suffered as a result of the fall and skin rashes he developed as a result of the unsanitary conditions of his confinement. He also brings claims premised on alleged unconstitutional policies or customs at the PCPSC. Plaintiff makes fifteen separate objections and each will be addressed in turn.

### *Objection One*

The basis for Plaintiff's first objection is not entirely clear to the Court. He takes issue with the manner by which the Magistrate Judge grouped his claims in the Report and Recommendation

and states that the Magistrate Judge "stripped" Plaintiff of his "official-capacity liability claims against Defendants Stell and Thompson." *See* Objection at p. 2. The Court finds no error with respect to the Magistrate Judge's construction of Plaintiff's claims or the order in which the Magistrate Judge addressed those claims. Because Plaintiff makes no specific claim of error, the Court finds this objection lacks merit.

### *Objection Two*

Plaintiff states that in his complaint, he alleges "that Defendant Stell and Thompson violated his 8th and 14th Amendment rights through the actions of their staff." *See* Objection at p. 2. He attempts to hold these Defendants liable on grounds they are "the final policymaker and have authority to promulgate, implement and enforce policies." *Id.* He contends that his claims related to "placement of the Water Jug on the staircase, having plaintiff eat his meals while sitting on the floor, failing to provide safe drinking water for his meals, and delaying his medical treatment" all arise from a policy or custom of the PCPSC." *See* Objection at p. 3. He concludes, therefore, that Defendants are liable in their "official capacity" for violating his Eighth Amendment rights.

The record establishes that Defendant Stell is the Executive Director of the PCPSC and Defendant Thompson is the Assistant Executive Director. The Magistrate Judge correctly determined that as employees of a municipality, *i.e.,* Pottawatomie County, via the PCPSC, any official capacity claim against Defendants Stell and Thompson must be premised on an official policy or custom fairly attributable to the county. *See* Report and Recommendation at pp. 9, 17-18; *see also Monell v. Department of Social Servs.of City of New York,* 436 U.S. 658, 690-91, 694 (1978); *Moss v. Kopp*, 559 F.3d 1155, 1168-69 (10th Cir. 2009). The Magistrate Judge further determined that Plaintiff's factual allegations "clearly implicate only one alleged policy of the

PCPSC – related to its copayments for medical services" and, therefore, limited the analysis of any official capacity liability to that one policy. *See* Report and Recommendation at p. 18.

Plaintiff does not identify any allegations in the Complaint that demonstrate he brought official capacity claims against Defendants Stell and Thompson premised on any policy other than that identified by the Magistrate Judge. Instead, he cites Defendants' summary judgment motion [Doc. No. 41] at p. 24 as proof that Defendants Stell and Thompson are final policymakers. *See* Objection at p. 2. The cited portion of the summary judgment motion states that: "only Director Stell had policy making authority at the PCPSC." *See id.* Presumably it is this statement upon which Plaintiff relies. But the motion further sets forth that Plaintiff failed to identify any policy or custom that had any "causal relationship" to his injuries as alleged in the complaint. *See id.*

As stated, the Magistrate Judge determined that the allegations of the complaint implicated only one alleged policy of the PCPSC – the policy identified above which relates to copayments for medical services. Plaintiff's objection, on grounds he also alleges a policy or custom relating to "placement of the water jug on the staircase, having plaintiff eat his meals while sitting on the floor, failing to provide safe drinking water for his meals, and delaying his medical treatment" wholly lacks evidentiary support. At best, he impermissibly seeks to impose § 1983 liability against these Defendants under a theory of respondeat superior. *See, e.g., Estate of Booker v. Gomez*, 745 F.3d 405, 435 (10th Cir. 2014) (section 1983 does not authorize liability under a theory of respondeat superior but requires a plaintiff to satisfy three elements to establish a claim against a defendant based on his supervisory responsibilities: (1) personal involvement; (2) causation; and (3) state of mind). Because Plaintiff points to no evidence in the record to support the existence of any

additional policy or custom, or that Defendants Stell and Thompson had personal involvement in the alleged deprivation of his constitutional rights, Plaintiff's objection is without merit.

### Objection Three

In his third objection, Plaintiff contends the Magistrate Judge "failed to resolve the factual dispute concerning whether the plaintiff had actually fell [sic] down the staircase as a result of the Water Jug." *See* Objection at p. 3. Contrary to Plaintiff's contention, however, for purposes of Defendants' summary judgment motion, the Magistrate Judge "view[ed] the facts in Mr. Winrow's favor" and determined that even if Plaintiff fell, no violation of his Eighth Amendment rights occurred. *See* Report and Recommendation at p. 20. Plaintiff further contends Defendants Powell and Hisaw acted with deliberate indifference in that they "knew that the plaintiff faced a substantial risk of serious harm with the Water Jug on the staircase but they disregarded that risk by failing to take reasonable measures to abate it." *See* Objection at p. 3.

A claim of deliberate indifference under the Eighth Amendment includes both an objective and a subjective component. *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014). The objective component requires the prisoner to show that the medical or other condition about which he complains is sufficiently serious so as to be cognizable as "the unnecessary and wanton infliction of pain" prohibited by the Eighth Amendment. *Id.* The subjective component requires a showing that the defendant acted with a sufficiently culpable state of mind. *Id.* The defendant must know of and disregard an excessive risk to inmate health or safety. *Id.*

As the Magistrate Judge stated, rather than demonstrating deliberate indifference, Plaintiff's allegations "are not readily distinguishable from a typical slip and fall negligence case involving a member of the general public." *See* Report and Recommendation at p. 20. The Magistrate Judge

concluded, therefore, that Plaintiff's factual allegations failed to meet the objective component of an Eighth Amendment claim. *See id.* at 21. The Court agrees with the Magistrate Judge's conclusion and rejects Plaintiff's objection.

### Objection Four

Plaintiff contends the Magistrate Judge erred in concluding the placement of the water jug on the staircase did not violate his Fourteenth Amendment rights. But the Magistrate Judge correctly concluded that – to the extent a cognizable claim exists under the Fourteenth Amendment – Plaintiff's claim lacks merit as his allegations show mere negligence. *See* Report and Recommendation at pp. 21-22 (*citing*, *inter alia*, *Daniels v. Williams*, 474 U.S. 327, 332-33 (1986) (Fourteenth Amendment does not create a right in prisoners to sue a government official for negligently creating unsafe prison conditions).

Plaintiff further contends the Magistrate Judge erred in construing his claim under the Fourteenth Amendment because "the magistrate judge already found that this claim can be analyzed only under the Eighth Amendment." *See* Objection at p. 4. The Magistrate Judge determined that because Plaintiff is a convicted felon, his claims alleging unconstitutional conditions of confinement are governed by the Eighth Amendment. *See* Report and Recommendation at pp. 16-17 (explaining that when a claim is governed by a specific constitutional provision, the claim is governed by the standards for that provision rather than the more generalized substantive due process guarantees). The Magistrate Judge is correct. *See, e.g., Myers v. Oklahoma County Bd. of County Commrs.*, 151 F.3d 1313 (10th Cir. 1998) (explaining that the Eighth Amendment protections apply only to convicted felons but that the same degree of protection applies to pretrial detainees under the Fourteenth Amendment). But Plaintiff's complaint alleged claims under the Fourteenth Amendment

and the Magistrate Judge, therefore, was required to address those claims as well. Accordingly, the Magistrate Judge correctly dismissed those claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

### *Objection Five*

In his fifth objection, Plaintiff challenges the Magistrate Judge's finding that the evidence presented by Plaintiff failed to support an inference that his food was contaminated as a result of Plaintiff being forced to sit on the floor to eat his food. The Magistrate Judge determined the undisputed facts showed that "food was served on trays to inmates at PCPSC" and that "PCPSC's available seating at tables was typically insufficient to accommodate all inmates" requiring some inmates to sit on the floor or on the stairs during mealtimes. *See* Report and Recommendation at p. 24. The Magistrate Judge construed the factual record in Plaintiff's favor with respect to whether he had the choice to eat meals in his cell and found he did not. *See id.* at p. 25. But the Magistrate Judge determined Plaintiff's sparse statements that sitting on the dirty floor caused him to contaminate his food failed to support an Eighth Amendment claim. *See id.* at p. 26 ("A 'dirty' floor and 'contamination' from that floor, without clear elaboration and evidentiary support as to these circumstances or consequences therefrom, do not permit a reasonable inference that a *substantial* risk of *serious* harm existed.") (emphasis in original, citations omitted). In his objection, Plaintiff relies on the same sparse statements that "the floor was dirty" and that "plaintiff contaminated his food from touching it after touching the floor to sit down to eat his meals." *See* Objection at p. 4. The Court, therefore, adopts the Magistrate Judge's analysis and finds Plaintiff has failed to sufficiently allege facts demonstrating a violation of his Eighth Amendment rights.

### Objection Six

Plaintiff next objects to the Magistrate Judge's findings as to his "mealtime water source." According to the allegations of Plaintiff's complaint, after he fell down the stairs on August 11, 2013, the water jug which allegedly caused him to fall was no longer placed in the unit during meals. Instead, inmates could obtain water during mealtimes only "from the dayroom toilet sink where inmates with [Crohn's Disease], inflamed hernia, wash[ed] their soiled underwear." *See* Complaint at pp. 2, 8-9.

The Magistrate Judge, in a thorough discussion of the evidence, concluded the condition was not sufficiently serious to establish the objective component of an Eighth Amendment claim. Significantly, the record shows that while Plaintiff may have been subjected to unsanitary conditions with respect to the dayroom sink, Plaintiff does not allege those same unsanitary conditions existed with respect to the sink in his cell. Because Plaintiff could drink from his cell sink at any time before and after meals, the Magistrate Judge concluded Plaintiff demonstrated, at best, "only relatively brief deprivations of water – not substantial deprivations of a basic need, as required for an Eighth Amendment violation." *See* Report and Recommendation at p. 33. In his objection, Plaintiff concedes that he "was deprived of drinking water only during the times he was eating his meals . . . ." *See* Objection at p. 5. The Court concludes, therefore, that Plaintiff has failed to satisfy the objective component of an Eighth Amendment claim and the Magistrate Judge's analysis of the facts and evidence is correct.

### Objection Seven

Plaintiff also contends he suffered unconstitutional conditions of confinement at PCPSC because Defendant Stell denied him cleaning supplies for the communal shower and toilet.

According to Plaintiff's allegations, as a result, he suffered skin rashes over various parts of his body. Without deciding whether the denial of cleaning supplies is objectively sufficiently serious to invoke Eighth Amendment protection, the Magistrate Judge determined Plaintiff failed to demonstrate Defendant Stell acted with the requisite culpable state of mind so as to satisfy the subjective component of an Eighth Amendment claim. *See* Report and Recommendation at pp. 34-38.

Plaintiff's objection focuses on his allegations against Defendant Stell. Therefore, the Court finds Plaintiff has waived any objection as to other Defendants against whom he brings this claim. *See Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (where prisoner's objection to magistrate judge's recommendation that summary judgment be granted in favor of defendants focused only on one defendant and not others, firm waiver rule barred further consideration of any issues as to those other defendants).

In objecting to the Magistrate Judge's findings, Plaintiff relies upon Defendant Stell's Declaration [Doc. No. 41-16]. The Declaration states that Defendant Stell "do[es] not generally become involved in the day-to-day operations unless requested to do so by the assistant directed [sic] or some other staff member." *See* Declaration, ¶ 5. It further states that "[i]nmates are provided cleaning supplies to help maintain cleanliness in their cells and the day room area." *Id.*, ¶ 14. The Declaration also states that Defendant Stell is "not aware of any outbreak of rashes or similar illnesses due to unclean cells, sinks, toilets, or showers as alleged in Mr. Winrow's Complaint." *Id.*, ¶ 16.

Plaintiff does not identify any facts to refute the statements set forth in the Declaration. Instead, Plaintiff relies on purported omissions from that declaration. Plaintiff contends that

Defendant Stell "did not deny that he didn't supply the plaintiff with the cleaning supplies he requested to disinfect the communal shower and toilet, nor did he deny that the Plaintiff informed him of the rashes he sustained as a result of Stell's refusal to provide him with the requested cleaning materials." *See* Objection at p. 6.

Plaintiff cannot rely upon the absence of evidence to support his claim. Instead, he must present facts demonstrating a genuine dispute of material fact as to whether Defendant Stell knew of and disregarded an excessive risk of harm to Plaintiff as a result of the unconstitutional conditions described. As fully discussed by the Magistrate Judge, the only evidence relied upon by Plaintiff to establish Defendant Stell's knowledge is a prison grievance submitted by Plaintiff as to this issue. *See* Report and Recommendation at pp. 34-35, 37. But there is no indication in the record that the grievance was ever received by Defendant Stell and Plaintiff does not refute that finding. *See id*. Indeed, in his objection, Plaintiff acknowledges that "per the PCPSC policy, the response is prepared by other staff." *See* Objection at p. 6 *citing* Defendant's Motion [Doc. No. 41] Statement of Facts, ¶ 39. Moreover, as the Magistrate Judge found, "Mr. Winrow has put forth no evidence of the extent of the information provided to Defendant Stell and whether Defendant Stell was aware of any excessive risk to Mr. Winrow's health or safety as to this challenged condition." *See* Report and Recommendation at p. 37. Based on the foregoing and having reviewed the record, the Court concludes that Plaintiff's objection lacks merit.

### Objection Eight

Plaintiff states that he "objects to the magistrate's report and recommendation that the plaintiff's complaint alleges a Fourteenth Amendment violation with regards to plaintiff being exposed to inmates with serious illnesses during the time plaintiff spent in the PCPSC dayroom."

*See* Objection at p. 7 ( *citing* Report and Recommendation at pp. 38-39). Plaintiff contends that "the magistrate previously determined that plaintiff did not make this claim. . . ." *See id.* (*citing* Report and Recommendation at p. 39) ("Mr. Winrow's allegations focus instead on unsanitary conditions created by the inmates' alleged medical issues, which have been addressed above.").

A review of the Report and Recommendation demonstrates that the Magistrate Judge liberally construed the factual allegations of the complaint and determined that "*to the extent that* Plaintiff alleged any Defendant violated his Eighth Amendment rights or his substantive due process rights under the Fourteenth Amendment by exposing him to inmates with the medical conditions described above, he has failed to state a claim upon which relief may be granted and any such claim should be dismissed." *See* Report and Recommendation at p. 39 (emphasis added). Because a *pro se* complaint must be liberally construed, *see Calhoun v. Attorney General of Colorado*, 745 F.3d 1070, 1073 (10th Cir. 2014), the Magistrate Judge did not err in making an alternative finding and addressing the allegations of the complaint.[2] Moreover, the Magistrate Judge recommended a dismissal of the claim without prejudice to refiling. Significantly, in the objection, Plaintiff does not state he did not bring such a claim, but only objects to what he perceives to be an inconsistent

---

[2]As the Magistrate Judge stated:

> In his Complaint and its accompanying Affidavit, Mr. Winrow describes two 'sick' Cleveland County inmates with 'serious illnesses' that 'were allowed to live' in his housing unit. *See* Compl. Aff. at 7-10; Compl. at 2. As noted above, one inmate is alleged to have suffered from Crohn's disease and the other is alleged to have suffered from a hernia. *See* Compl. Aff. at 8-10; Compl. at 2, 8. Mr. Winrow does not allege that he was housed in a cell with either of these inmates, and his exposure to these inmates appears to have been limited to time spent in the dayroom. *See* Compl. Aff. 7-10

*See* Report and Recommendation at p. 38.

12

finding by the Magistrate Judge. Because the Magistrate Judge's finding is not inconsistent, Plaintiff's objection is rejected.

### Objection Nine

Plaintiff contends the Magistrate Judge erred in dismissing any claim alleging a violation of his rights under the Fourteenth Amendment's Equal Protection Clause. *See* Report and Recommendation at p. 40. Plaintiff challenges this finding as inconsistent with a previous determination by the Magistrate Judge that "this claim can only be analyzed under the Eighth Amendment." *See* Objection at p. 7 (*citing* Report and Recommendation at pp. 15-17).

As noted above, the Magistrate Judge determined that Plaintiff was not a pretrial detainee, but a convicted felon, during his detention at the PCPSC. Plaintiff does not challenge that finding. Therefore, the Magistrate Judge properly construed Plaintiff's challenges to the conditions of his confinement as arising under the Eighth Amendment. *See Myers,* 151 F.3d at 1320; *see also* Report and Recommendation at pp. 16-17. However, in his complaint, Plaintiff purported to bring claims alleging violations of his due process and equal protection rights under the Fourteenth Amendment. In moving for summary judgment, the Defendants did not address Plaintiff's Fourteenth Amendment claims. The Magistrate Judge, therefore, properly addressed those claims under the Court's screening authority. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

### Objection Ten

Plaintiff objects to the Magistrate Judge's findings regarding his claims of deliberate indifference to his serious medical needs. Plaintiff's objection focuses on his alleged injury on August 11, 2013, when he fell down the stairs after tripping over a water jug. Plaintiff contends he injured his shoulder as a result of the fall and needed immediate medical attention. Plaintiff objects

to the Magistrate Judge's finding that Defendants' Hisaw and Powell (both non-medical staff members) did not act with deliberate indifference to Plaintiff's serious medical needs.

Plaintiff bases his objection on the Magistrate Judge's determination that the evidence failed to demonstrate he was in need of "urgent" care and that Defendants Hisaw and Powell acted with deliberate indifference to his need for urgent care. *See* Objection at p. 7. Plaintiff concedes in the objection that he "did not complete his first request for medical attention until around nine hours after he was injured" but contends the delay is attributed to Defendant Powell who did not timely bring him a medical request form. *Id*. at pp. 7-8. He further does not refute that the medical request form "did not mention or describe symptoms suggestive of a shoulder injury" but that fact does not establish that he did not report the shoulder injury to Defendants Powell and Hisaw. *Id*. at p. 8. In addition he faults Defendants Powell and Hisaw for not contacting the PCPSC medical unit immediately after Plaintiff informed them of his injuries, but instead only providing him with a medical request form. *Id*. at p. 9. Plaintiff concedes, however, that he was provided pain medication and that a "a nurse evaluated plaintiff the next day." *See* Objection at pp. 8, 9.

The Magistrate Judge thoroughly analyzed the record evidence and concluded that, construing the evidence and reasonable inferences to be drawn therefrom in the light most favorable to Plaintiff, he failed to establish the subjective component of an Eighth Amendment claim against Defendants Powell and Hisaw. *See* Report and Recommendation at pp. 42-50. The Magistrate Judge therefore, further concluded that Defendants were entitled to qualified immunity. Specifically, the Magistrate Judge addressed the declarations of Defendants Powell and Hisaw that demonstrate a lack of deliberate indifference. *See* Report and Recommendation at p. 45. Plaintiff's objection fails to identify any sufficient legal or factual basis upon which to reject this conclusion.

14

The record belies Plaintiff's contention that Defendants denied or delayed medical care in a manner that would constitute deliberate indifference to his serious medical needs. The Court, therefore, adopts the Magistrate Judge's recommendation that Defendants Powell and Hisaw are entitled to qualified immunity with respect to Plaintiff's Eighth Amendment claims against them.

### *Objection Eleven*

Plaintiff next contends the Magistrate Judge erred in finding Defendant Solis did not act with deliberate indifference to Plaintiff's serious medical needs. His claim against Defendant Solis arises out of the August 11, 2013 incident in which Plaintiff alleges he fell down the stairs and injured his shoulder and knee. Plaintiff primarily contends that because Defendant Solis provided pain medication to Plaintiff, she knew that "a doctor's care was more urgently needed" and, therefore, she "recklessly disregarded such a need." *See* Objection at p. 11. Plaintiff does not cite to any specific evidence or otherwise discuss the circumstances related to Defendant Solis providing such pain medication.

Plaintiff's conclusory assertions are insufficient to establish the Magistrate Judge made erroneous findings with respect to whether Defendant Solis acted with deliberate indifference. The Magistrate Judge found that Defendant Solis did not directly provide medical care to Plaintiff, but acted as a gatekeeper and that Plaintiff presented "no evidence that Defendant Solis refused to fulfill that role." *See* Report and Recommendation at p. 65.

The Magistrate Judge fully addressed the evidence and concluded that "[t]he available evidence is simply insufficient to establish that Defendant Solis – either directly or indirectly as a supervisor – intentionally delayed Mr. Winrow's access to a doctor or other care with the knowledge

that such a delay would pose a substantial risk of serious harm to Mr. Winrow." Report and Recommendation at p. 67.[3]

Having reviewed the record, the Court finds Plaintiff's objection, premised solely on the allegation that Defendant Solis knew that Plaintiff was being provided pain medication, is insufficient to raise a colorable challenge to the Magistrate Judge's findings. As the Magistrate Judge discussed, in many instances Plaintiff only requested pain medication and did not accompany that request with a request to see a doctor. At other times Plaintiff requested pain medication but did not accompany that request with a description of his physical symptoms. Moreover, Plaintiff's request for pain medication was not constant, but intermittent. In addition, Defendant Solis responded appropriately to Plaintiff's request to see a doctor, and Plaintiff was notified that he had been placed on a list to see the doctor.[4] The Magistrate Judge found that "[t]he available evidence fails to support a reasonable inference that Defendant Solis knew that a doctor's care was more urgently needed and that she recklessly disregarded such a need." *See* Report and Recommendation at p. 66. The Magistrate Judge further found the evidence demonstrated, at best, mere negligent conduct by Defendant Solis and such negligence would be insufficient to support an Eighth Amendment claim. *See id*. at pp. 66-67. The Court adopts the Magistrate Judge's findings and

---

[3]The Magistrate Judge further noted that the available evidence raised a "substantial question" as to whether Mr. Winrow could establish the objective component of an Eighth Amendment claim. *See id*., footnote 32. Plaintiff does not raise any objection regarding the objective component and, therefore, the Court need not address that issue.

[4]While, as the Magistrate Judge found, it is undisputed that Plaintiff was never evaluated by a doctor while incarcerated at the PCPSC, *see* Report and Recommendation at p. 59, the evidence in the record is insufficient to establish that any delay in seeing a doctor while Plaintiff was at PCPSC is due to the deliberate indifference of Defendant Solis. Nor does Plaintiff make such a contention in his objection.

deems Plaintiff's objection, based solely on the allegation that Defendant Solis knew Plaintiff had requested pain medication, insufficient to alter the conclusion that Defendant Solis is entitled to qualified immunity as to this claim.

### Objection Twelve

Relying on the same arguments as raised with respect to his "Objection Two," Plaintiff contends the Magistrate Judge erred in finding Plaintiff failed to establish the subjective component of an Eighth Amendment claim against Defendants Stell and Thompson. Plaintiff's objection is wholly conclusory and appears misplaced to the extent he relies on arguments raised in Objection Two.

As set forth, Objection Two addresses whether Plaintiff alleged facts sufficient to state an official capacity claim against Defendants Stell and Thompson. But the Magistrate Judge also addressed individual capacity claims alleged by Plaintiff against these defendants. *See* Report and Recommendation at pp. 68-71. Plaintiff has failed to develop the basis for any objection to the Magistrate Judge's findings with respect to the individual capacity claims brought against Defendants Stell and Thompson and, therefore, has waived any such objection. Moreover, the Court has reviewed the Magistrate Judge's analysis of the individual capacity claims against Defendants Stell and Thompson and finds the Magistrate Judge correctly determined that Plaintiff has failed to allege these Defendants personally participated in any alleged violation of Plaintiff's Eighth Amendment rights arising out of his medical care at PCPSC. The Court, therefore, finds Plaintiff's objection lacks merit.

**Objection Thirteen**

Plaintiff next objects to the Magistrate Judge's findings as to his claim that the PCPSC has a policy pursuant to which medical services are only provided to inmates who can afford the applicable fee. The Magistrate Judge made the following findings regarding this claim:

> Mr. Winrow points only to the PCPSC's Request for Medical Attention form, *see* Compl. Aff. at 6, which advises inmates that they 'will be charged $15.00 for each doctor[']s appointment,' among other fees for medical services, *see, e.g.,* Compl. Exs. at 12 (capitalization altered). The form reflects no indication that payment or establishment of the ability to pay is required in advance of medical services. *See* Compl. Exs. at 12. Mr. Winrow's policy-related allegations – that a policy exists to provide services only to inmates who can afford the applicable fees and that, in accordance with the policy, 'he was taken off the medical list' because he was unable to pay the fee, *see* Compl. Aff. at 6 – are wholly unsubstantiated and, thus, insufficient to defeat a motion for summary judgment.

*See* Report and Recommendation at p. 72 (footnote and citation omitted).

In his objection, Plaintiff fails to identify a policy. Instead, he reiterates his contention that because the form makes reference to a $15.00 fee, the form itself is evidence of a policy to provide care only to those inmates that could pay the fee. Plaintiff further challenges Defendants' evidence that when Plaintiff submitted the Request for Medical Attention form, he could not see the doctor because the doctor was absent that day and that he would be rescheduled to see the doctor. He claims not until he made further inquiry about the submitted request did Defendants inform him that another appointment with the doctor was being scheduled. According to Plaintiff, therefore, "it can be inferred that he was not seen by the doctor as scheduled because plaintiff could not pay the $15 fee." *See* Objection at p. 12. The allegations set forth in Plaintiff's objection, like those made in his complaint, are wholly unsubstantiated and speculative. The Court, therefore, adopts the findings of the Magistrate Judge and concludes Plaintiff has failed to submit facts demonstrating the existence of a policy or custom at PCPSC to provide medical services only to inmate who could pay

for those services. Indeed, Plaintiff's admission that he received some medical care (*e.g.*, pain medication) belies his allegations. Accordingly, Defendants are entitled to summary judgment as to Plaintiff's official capacity claims premised on any alleged unconstitutional policy.

### Objection Fourteen

The Magistrate Judge determined that Plaintiff failed to establish an Eighth Amendment claim against Defendant Solis for alleged denial of medical care related to "inflamed skin rashes." *See* Report and Recommendation at pp. 73-74. Specifically, the Magistrate Judge found that "Mr. Winrow presents no evidence that he ever reported any rashes to Defendant Solis or the PCPSC's medical unit." *See id*. at p. 73.

In his objection, Plaintiff does not refute the lack of evidentiary support for his claim. Instead, he relies on a grievance, *addressed to Defendant Stell*, dated August 15, 2013. He states that "per the practice of the PCPSC, Defendant Solis was required to respond to the Grievance." *See* Objection at p. 13 (emphasis added) (*citing* Defendant's Motion [Doc. No. 41] at p. 9).[5] Plaintiff's allegation that Defendant Solis was required to respond to the grievance lacks sufficient evidentiary support. Moreover, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir.2009). Here, Plaintiff merely contends Defendant Solis was required to respond to the grievance. He does not even allege that Defendant Solis in fact denied his grievance (and, therefore, actually saw the grievance). Under

---

[5]Defendant's Motion provides as follows: "Per the practice of the PCPSC, a grievance or request to staff is to be answered by the first level of staff that has information and can take appropriate action in response to the request which most medical issues is generally Ms. Solis or one of the nurses who has dealt with the inmate or is familiar with the records." *See id*. at p. 9, Statement of Facts, ¶ 38.

these circumstances, the Court finds Plaintiff's objection lacks evidentiary support and fails to demonstrate the Magistrate Judge made any erroneous findings. The Court, therefore, adopts the Magistrate Judge's determination that Defendant Solis is entitled to qualified immunity as to this individual-capacity claim alleging deliberate indifference to his serious medical needs.

### Objection Fifteen

In his final objection, Plaintiff contends the Magistrate Judge erred in granting summary judgment. He states: "[a]ssuming, arguendo, (for purposes of this objection only), that Plaintiff's factual allegations were not sufficient to preclude summary judgment, (an assumption not justified by the authority above), there was no finding by the magistrate that the plaintiff's claims could not be possibly cured by the allegation of additional facts." *See* Objection at p. 13. He further states: "[i]t is improper to dismiss a pro se complaint without such a finding." *Id.*

Plaintiff confuses the pleading requirements governing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the evidentiary support that must accompany a response to a motion for summary judgment pursuant to Fed. R. Civ. P. 56. The Magistrate Judge properly construed Defendants' Motion as a motion for summary judgment and considered matters outside the pleadings. Therefore, Plaintiff was required to demonstrate facts genuinely disputed by "citing to particular parts of material in the record." Fed. R. Civ. P. 56(c)(1)(A). Indeed, as the Magistrate Judge found, Plaintiff "filed additional evidentiary materials in support of his claims." *See* Report and Recommendation at p. 4 (*citing* Doc. Nos. 43-1, 43-2, 43-3 and 43-4). And Plaintiff also filed a supplemental brief with exhibits. *See id.* (*citing* Doc. No. 54 and exhibits, Doc. No. 54-1). Thus, Plaintiff was given the opportunity to support his claims with additional facts but failed to adequately do so.

Plaintiff alternatively contends that the Magistrate Judge stayed discovery in this case, *see* Order [Doc. No. 35], the stay was never lifted and "[i]t is inappropriate to grant summary judgment without adequate opportunity for discovery." *See* Objection at p. 13. The Magistrate Judge stayed discovery in an Order dated April 8, 2014. One month later, on May 23, 2014, Defendants filed their motion for summary judgment. Defendants later submitted a video as evidence in support of their summary judgment motion and the Magistrate Judge granted Plaintiff leave to file a supplemental response. *See* Order [Doc. No. 46]. And a s noted, Plaintiff filed a supplemental response. But Plaintiff did not thereafter move for additional time to respond to the motion or move, pursuant to Fed. R. Civ. P. 56(d), for relief on grounds he was unable to "present facts essential to justify" opposition to the motion for summary judgment. In his objection, Plaintiff identifies no impediment to making such a request to the Court but simply contends because discovery had been stayed, the entry of summary judgment is inappropriate.

The Magistrate Judge expressly addressed in the Report and Recommendation the stay of discovery and the fact that "[ n]either party has moved for the stay to be lifted." *See* Report and Recommendation at p. 3. Plaintiff's other filings in this action demonstrate his ability to seek relief from the Court, including relief related to discovery matters, when necessary. His failure to offer any explanation as to why he did not seek relief from the order staying discovery, or otherwise move for relief pursuant to Rule 56(d) renders his objection baseless. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) (addressing requirement that *pro se* litigants follow the procedures governing Rule 56(d) motions and that "[a] party seeking to defer a ruling on summary judgment under Rule 56[d] must file an affidavit [or declaration] that explains why facts precluding summary

judgment cannot be presented.").[6]  Plaintiff has now waived any Rule 56(d) issues.  *See*

*Abdulhaseeb*, 600 F.3d at 1310 (prisoner waived Rule 56[d] issues where he failed to invoke the rule

before the magistrate judge, "instead filing his motion in the district court after the magistrate

judge's report and recommendation was filed").  Moreover, Plaintiff cannot invoke Rule 56(d) "by

simply stating that discovery is incomplete but must state with specificity how the additional

material will rebut the summary judgment motion."  *Id.* at 1310.  Accordingly, Plaintiff has failed

to demonstrate the Magistrate Judge erred in granting summary judgment in favor of the moving

defendants.

## III.  Conclusion

In sum, Plaintiff's objection does not sufficiently challenge the legal or factual bases upon

which the findings and recommendations of the Magistrate Judge are made.  Plaintiff has not met

his "heavy burden" to demonstrate a violation of his constitutional rights as he must to defeat

Defendants assertion of qualified immunity.  And Plaintiff's claims otherwise fail as fully addressed

above. Accordingly, upon *de novo* review, the Court adopts the findings and recommendations of

the Magistrate Judge as though fully set forth herein.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 65] is

ADOPTED in its entirety.

IT IS FURTHER ORDERED that the Defendants' Motion [Doc. No. 41] construed as a

motion for summary judgment is GRANTED and Defendants Stell, Thompson, Powell, Hisaw and

Solis are entitled to judgment as a matter of law in their favor as to Plaintiff's individual and official

---

[6]In *Abdulhaseeb*, the Court addressed Fed. R. Civ. P. 56(f), which has now been codified at
Fed. R. Civ. P. 56(d).

capacity claims under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Eighth Amendment.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants under 42 U.S.C. § 1983 for violations of Plaintiff's Fourteenth Amendment rights are DISMISSED WITHOUT PREJUDICE to refiling pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1) for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over any state law claims and those claims are DISMISSED WITHOUT PREJUDICE to refiling.

A separate judgment shall be entered accordingly.

IT IS SO ORDERED this 10th day of June, 2015.

_____

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE